# CIRCUIT COURT OF PRINCESS ANNE COUNTY

Marshall Cox

v.

George H. Hogge

May 25, 1960

BY JUDGE H. W. MACKENZIE, JR.

The issue in this case is whether the applicable Statute of Limitations is three or five years, and the particular code section is Va. Code § 8-13.

Plaintiff and defendant agreed to form a partnership to operate a food store and entered into written articles which provided that each was to contribute the same amount of capital, and each was to share on an equal basis the profits of the enterprise. At the time set for the consummation of the purchase of an existing business which was to mark the launching of the new partnership, the defendant was unable to produce his required portion of the capital, and it was advanced in his behalf by the plaintiff and was to be repaid in installments. Some time later, the defendant, needing to produce $1,000.00 toward the purchase of a new house, withdrew such amount from the firm, it being agreed that the defendant was to reimburse the plaintiff to the extent of $500.00 to keep the accounts in balance.

The defendant has pleaded the three year Statute of Limitations to these claims, and the plaintiff contends that the five-year period provided in the exception applies. The applicable part of the code section reads as follows: "If it be upon any other contract, expressed or implied, within three years, unless it be an action by one partner against his co-partner for a settlement of the partnership account … the action may be brought until the expiration of five years from the cessation of the dealings of which they are interested together."

The legal point therefore is whether the two transactions above referred to would be classified as coming within "a settlement of the partnership account." The position of the defendant is that these were purely personal obligations between the two parties and did not constitute dealings by either partner with

the firm itself and thus would not come within the above-quoted exception even though the individuals were partners at that time.

With this contention the court cannot agree.

These obligations would not have arisen but for the fact that the parties had agreed to go into business together, and the entry into, and conduct of, such business is directly related to each item of indebtedness. The rule is stated in 40 Am. Jur. 374 as follows: "Where, however, by the terms of a partnership agreement, all the partners are bound to contribute to the capital equally, and the firm is dissolved after its business has resulted in a loss, a partner advancing capital may bring a bill in equity against his associates for their share." Thus, even though one partner advances to the other the amount necessary to enable him to contribute his agreed portion of the capital, such is regarded as the proper subject of a partnership accounting and would come within the phrase used in the statute "a settlement of the partnership account." Whether the advance is made directly to the partnership or routed via the deficient partner is a distinction without a difference and certainly not a nicety contemplated by layman partners. The launching and operation of the partnership business were the only motivating factors in this transaction.

If a partner's advances to his colleague under the above circumstances are properly the subject of an accounting between partners, for the more reason it is true where one partner withdraws from the firm an amount which is not matched by an appropriate withdrawal by the other partner. This is not varied by the fact that the partner withdrawing the funds has personally agreed to make an individual accounting with the other partner

More than three but not less than five years having elapsed since the transaction in question, the plea of the Statute of Limitations is ruled not to have been sustained by the evidence.

In his memorandum, the defendant contends that if these amounts were items of partnership account, such accounts could only be settled in a chancery suit for that purpose and would not be subject to recovery by warrant until the accounting had taken place. The record shows that the defendant was cognizant of his rights in this regard, elected not to include them in his grounds of defense, and expressly waived them by letter. When a balance has been struck between partners, an action at law may be maintained by the one entitled to recover from those indebted, and such balance must be assumed to have been determined between the partners in this case.

The final contention of the defendant is that the parol evidence rule precludes plaintiff from contradicting the statement in his bill of sale that his entire interest in the partnership was transferred to Moore. The sale of a

partner of his interest does not mean that he is not entitled to an accounting with his co-partners. 68 C.J.S. 803.